UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DONALD POLSON<br>*Plaintiff*, | §<br>§<br>§ | |
| v. | § | Civil Action No. 5:cv-25-00231 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY<br>INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§<br>§ | |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT JUDGE:

Defendant Allstate Vehicle and Property Company ("Allstate"), hereby removes this lawsuit currently pending in the County Court at Law No: 10, Bexar County, Texas, Cause No. 2025CV00328, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, on the grounds of diversity of citizenship, and would respectfully show the Court as follows:

### BACKGROUND

1.  On or about April 21, 2024, Plaintiff allegedly sustained property damages arising from a severe hail/windstorm (the "Storm"), which Plaintiff alleges are covered in an insurance policy that Plaintiff had with Allstate. *See* <u>Exhibit A,</u> Plaintiff's Original Petition, ¶¶ 1; 9-14. Plaintiff further alleges that Allstate inspected the property and "failed to provide full coverage for the damages sustained by Plaintiff and/or intentionally under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim." *Id.* at ¶¶ 15-20.

2. On January 9, 205, Plaintiff's counsel filed Plaintiff's Original Petition. *See* <u>Exhibit A</u>. Therein, Plaintiff asserts causes of action against Allstate for breach of contract, violations of Texas Deceptive Trade Practices Act, violations of §§ 541 and 542 of the Texas Insurance Code, for breach of the prompt payment of claims act, and breach of the common law duty of good faith and fair dealing. *See Id*. ¶¶ 22-50.

3. On February 7, 2025, Plaintiff served Defendant with the lawsuit styled *Donald Polson v. Allstate Vehicle and Property Insurance Company*, in which Plaintiff seeks to recover from Allstate for all damages arising from the alleged Storm pursuant to a policy of insurance issued by Allstate. *See* <u>Exhibit B</u>, Service of Process Transmittal.

4. Plaintiff plead and seeks monetary relief that is "more than zero but not more than $250,000.00." *See* <u>Exhibit A,</u> at ¶ 3.

5. Plaintiff has demanded a jury trial. *Id.* at ¶ 56.

6. Defendant has not answered the Plaintiff's suit in state court. *See* <u>Exhibit C</u>, State Court Docket Sheet.

**GROUNDS FOR REMOVAL**

7. This Honorable Court has original jurisdiction of this suit based on 28 U.S.C. §§ 1332(a), 1441, and 1446, because it arises from a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

   A. **Parties are Diverse**

      i. <u>**Plaintiff's Citizenship**</u>

8. Plaintiff is a natural person who affirmatively alleges that he owns the subject property and it is located within Bexar County in the State of Texas. *See* <u>Exhibit A,</u> at ¶¶ 6-7. Plaintiff has not pled any other facts of his residency, intention to leave Texas, or domiciles in other states. *See Id*.

Accordingly, Allstate asserts that, absent the same and based on Plaintiff's own allegations pled, Plaintiff's citizenship at the time of filing of this suit and at the time of removal is properly established in the State of Texas. *See O'Neal v. DePuy Synthes Sales, Inc.*, No. 19-CV-1328, 2019 WL 5569615, at *1 (W.D. La. Oct. 28, 2019) (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 (2006)) ("for purposes of federal subject-matter (diversity) jurisdiction," a natural person is "a citizen of but one State [and] [t]hat is the state in which the person is domiciled"); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313; and *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 451 (5th Cir. 2003) (holding that the place of residence is prima facie evidence of domicile).

9. Although the Court may look beyond the pleadings to determine the domicile of the Plaintiff, in this case, the evidence shows that Plaintiff is a natural person domiciled in Bexar County, Texas. *Coury v. Prot*, 85 F3d 244, 251 (5th Cir. 1996). Namely:

- Plaintiff purchased a homeowner's insurance policy from Allstate for the property located at 24011 Alpine Ridge, San Antonio, Texas 78258—this is the property that is the subject of the current suit (the "Property"); *See* <u>Exhibit D</u>, Allstate Vehicle and Property Insurance Company's Policy;

- Plaintiff has not pled any other facts of his residency, intention to leave Texas, or domiciles in other states.

10. Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

    ii.    <u>**Allstate's Citizenship**</u>

11. Defendant, Allstate Vehicle and Property Insurance Company, is an Illinois corporation with its principal place of business in Cook County, in the state of Illinois. Defendant is thus a citizen of the State of Illinois. *See* 28 U.S.C. § 1332(c)(1)("a corporation shall be deemed to be a

citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

### B. Amount in Controversy

12. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00 or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

13. If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he or she will not be able to recover more than the damages for which he or she has prayed in the state court complaint. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

14. To determine the amount in controversy, the court may consider "penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. 3;98-CV1288-G, 1999 WL 151667, at 2-3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in plaintiff's case against his insurance company).

13. Here, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff's pleadings make the claim that he is seeking monetary relief "more than zero but not more than $250,000." *See* Exhibit A. at ¶ 3. However, there is not a binding stipulation limiting Plaintiff's damages to less

than $75,000.00 included with Plaintiff's Original Petition and there is evidence that the facts in controversy support a finding that Plaintiff's claims likely exceed that amount.

14. Additionally, Plaintiff's Original Petition seeks the following categories of damages:

- Actual Damages;
- Statutory Penalty Interest;
- Court Costs;
- Attorney's fees;
- Pre and post-judgment interest. *See* Exhibit A ¶¶ 53-55.

15. Plaintiff's pleading of damages clearly indicates an amount in controversy greater than the $75,000.00 jurisdictional threshold required by 28 U.S.C. *Troiani v. Allstate Ins. Co.,* No. CIV-B-06-00067, 2006 WL 1851378, at *4 (S.D. Tex. July 3, 2006)(finding that the combination of the plaintiff's claim of maximum recovery of $70,000 plus claims for additional attorneys' fees and exemplary damages clearly illustrated that the amount in controversy exceeded $75,000).

16. In addition to the foregoing, Plaintiff's insurance policy implicates that the value of the underlying claim is in excess of the jurisdictional limits. Specifically, in determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit in *St. Paul Reinsurance Co. v. Greenberg,* defined the "object of the litigation" as the "value of the right to be protected." 134 F. 3d 1250 (5th Cir. 1998)(declaratory judgment action); *See also Noyola v. State Farm Lloyds,* No. 7:13-CV-146, 2013 WL 3353963 (W.D. Tex. 2013)(applying *St. Paul Reinsurance Co.* analysis to breach of contract case arising from hailstorm damage claim). In *Hartford Ins. Group v. Lou-Con Inc.,* the Fifth Circuit specified that for claims involving the applicability of the insurance policy to a particular occurrence, the amount in controversy is measured by the "value of the underlying claim." 293 F.3d 908, 911 (5th Cir. 2000).

17. The subject homeowner's policy forms the contractual basis for Plaintiff's breach of contract claim. *See* Exhibit D, *generally.* The subject policy provides that the limits of coverage

to Plaintiff's property at issue is $354,889.00 in dwelling protection, $35,459.00 in other structures protection, and $141,956.00 in personal property protection for a total of $532,334.00 in total relevant policy coverages. *See* Exhibit D, at pg. 6.

18. The policy limits for the insured's property implicates an amount in controversy above the jurisdictional threshold. Those limits and the terms of the policy serve as the basis of Plaintiff's breach of contract claims. *See Noyla,* 2013 WL 3353963, at *3 (noting plaintiff's breach of contract claim facially implicated the limits of the policy). Accordingly, Plaintiff's breach of contract claim alone implicates that the value of the underlying claim is in excess of the jurisdictional limits. When combined with the extra-contractual and statutory damages alleged, the amount is well-above the threshold.

19. Further, Plaintiff's own demand letter (the "Plaintiff's Demand") implicates an amount in controversy that exceeds $75,000.00 once treble damages are taken into account. Plaintiff's Demand dated October 14, 2023, asserts Plaintiff is entitled to $32,777.95 as of the date of demand. *See* Exhibit E, Plaintiff's Statutory Demand Letter at pg. 2. Additionally, Plaintiff's counsel provided documentation to Defendant's counsel regarding an estimate performed by a public insurance adjuster engaged by Plaintiff, purporting to detail $32,777.95 in alleged covered losses under the policy. *See* Exhibit F, Estimate by public insurance adjuster Graystone Adjusting LLC, Dated June 3, 2024. While these alleged damages are not "facially apparent" in Plaintiff's state-court petition, the potential for triple the contractual damages of $32,777.95 along with punitive damages and attorney's fees alone would satisfy the statutory threshold for diversity and make removal proper. *See* 28 U.S.C. § 1332(a).

20. Taking into consideration Plaintiff's pleadings, the categories of damages asserted, the policy limits applicable to this specific occurrence, the contractual and extra-contractual damages

claimed by Plaintiff, Plaintiff's Demand, and estimate dated June 3, 2024, it is clear that the amount in controversy exceeds $75,000.00.

21. Based on the foregoing, the amount in controversy exceeds $75,000.00.

22. Based on the foregoing, this Court has diversity jurisdiction.

### REMOVAL IS PROCEDURALLY PROPER

23. This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1446 (b)(1), and Exhibit B.

24. Venue is proper in this Court under 28 U.S.C. §1441(a) because the District and Division of this Honorable Court embrace Bexar County, Texas, the venue where this suit was initiated. *See generally*, Exhibit A.

25. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached hereto. *See* Exhibits A, B, and C.

26. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the County Clerk of Bexar County.

### PRAYER FOR RELIEF

27. Defendant Allstate Vehicle and Property Insurance Company prays that this Honorable Court accept jurisdiction over the state court action for the reasons set forth above, and grant it any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

/s/ *Joseph S. Ellis*
**Michael M. Novak**
State Bar No. 24092905
mnovak@valdeztrevino.com
**Joseph S. Ellis**
State Bar No. 24109840
jellis@valdeztrevino.com
**VALDEZ & TREVIÑO ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797
*Counsel for Defendant Allstate Vehicle and Property Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record this 3rd day of March 2025, pursuant to the Rule 5 of the Federal Rules of Civil Procedure, via CM/ECF or other electronic means:

Louis Gonzales, Esq.
Vargas Gonzalez Delombard, LLP
325 N. St. Paul Street, Suite 3100
Dallas, Texas 75201
(467) 382-8761
louis@VargasGonzalez.com
service4@VargasGonzalez.com
*Counsel for Plaintiff*

/s/ *Joseph S. Ellis*
**Joseph S. Ellis**